UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRYSTAL DUTTON,

                              Plaintiff,

                    -vs-                                    07-CV-0410C

PENSKE LOGISTICS,

                              Defendant.
_____

APPEARANCES:    SANDERS & SANDERS (HARVEY SANDERS, ESQ.), Cheektowaga,
                New York, for Plaintiff.

                SCHRODER, JOSEPH & ASSOCIATES, LLP (LINDA H. JOSEPH,
                ESQ.), Buffalo, New York, for Defendant.


## INTRODUCTION

        This is an action for sex discrimination in employment brought under Title VII of the

Civil Rights Act of 1964 and the New York State Human Rights Law.  Plaintiff alleges that

she was subjected to a hostile work environment and then terminated from her

employment in a discriminatory fashion and in retaliation for protected activity.  Defendant

has filed a motion to dismiss the federal causes of action.  It argues that plaintiff's hostile

work environment claim is time-barred, and that her allegations with regard to her

termination do not state a cause of action.  The court heard oral argument on December

27, 2007.  For the reasons that follow, the defendants' motion is granted in part and denied

in part.

**FACTS**

In her complaint, plaintiff alleges that she became employed at AMI Leasing Fleet Management as an operations manager in June 2004.  AMI became part of Penske Logistics in August 2004.  Item 1, ¶ 8.  In July 2004, plaintiff was sent to Hagerstown, Maryland for one week of training, and in December 2004, she was sent to Reading, Pennsylvania for further training.  *Id.,* ¶ 9.  During 2004 and 2005, plaintiff was given increased responsibility and was sent to Valley Forge, Pennsylvania and Hagerstown, Maryland to assist in AMI's transition to Penske.  *Id.,* ¶ 10.

Plaintiff alleges that she was subjected to a sexually harassing hostile environment, particularly at the Hagerstown facility.  Her immediate supervisor, David Hess, encouraged her to take a lesser position in the company, and told her that their boss said that women should not occupy management positions in the trucking industry.  Item 1, ¶¶ 14-16, 24. Hess also commented to plaintiff that he would like to see female employees wrestle each other in green jello.  *Id.,* ¶ 17.  Another worker made a comment that women were only useful for sex.  This comment was not made to plaintiff, but was reported to her.  *Id.,* ¶ 19. Plaintiff also alleges that other workers at the Hagerstown facility made inappropriate comments about her.  These comments were not made to plaintiff, but were reported to her by others.  *Id.,* ¶¶ 20, 21, 26.

Plaintiff alleges that one of her bosses, Dennis Evans, used her computer and visited a pornographic website.  Item 1, ¶ 25.  Plaintiff also states that in March 2005, Hess added $40,000.00 in costs from his facility to plaintiff's facility in order to depict plaintiff as careless and unsuccessful.  *Id.,* ¶ 23.

In December 2004, plaintiff informed Hess and Evans about the inappropriate comments being made about her.  She was told to stop being so sensitive.  Item 1, ¶ 31. In January 2005, plaintiff complained to another Penske employee about Hess's behavior, which including yelling at her and treating her in a demeaning manner.  *Id.,* ¶ 34.  Plaintiff complained to Hess's supervisor and to Human Resources ("HR") in February 2005. Plaintiff also alleges that she complained again to HR "a few weeks later," but nothing was done.  *Id.,* ¶ 37.  On May 31, 2005, plaintiff submitted a letter of resignation, but was asked to reconsider.  She decided to continue her employment.  *Id.*, ¶ 38.  On June 10, 2005, plaintiff was at a work site when a male employee, Chris Walsh, arrived.  Walsh was not scheduled to work and had no business at the facility.  Plaintiff became uncomfortable and asked Walsh to leave.  He refused, and she went into the ladies restroom.  Walsh then "began aggressively pounding on the bathroom door."  *Id.,* ¶ 40.  There were no other employees in the vicinity, and plaintiff feared for her safety.  Walsh turned the bathroom door handle to enter, and plaintiff hit him in the chest and kicked him "in an effort to dissuade his advance."  *Id.*  Immediately following the incident, plaintiff reported it to the Director of Staffing.  On June 21, 2005, plaintiff was asked for her resignation and was subsequently terminated.  *Id.,* ¶ 41.  Walsh was suspended for his role in the incident but not terminated.  *Id.,* ¶ 42.

**DISCUSSION**

Defendant makes three arguments in support of its motion to dismiss.  First, it argues that plaintiff's federal hostile work environment claim is time-barred, as all allegations of a hostile work environment occurred more than 300 days prior to plaintiff's

filing of a charge with the Equal Employment Opportunity Commission ("EEOC").  Second, defendant argues that plaintiff's claim of disparate treatment in her termination must be dismissed because the male comparator, Walsh, was not similarly situated.   Finally, defendant argues that plaintiff's retaliation claim must be dismissed as implausible, given the fact that defendant went out of its way to retain plaintiff only a few weeks before she was terminated.

## 1.  Standard of Review

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court should construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)).  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . .'"  *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (1996) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief."  *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

## 2.  Hostile Work Environment

Defendant contends that plaintiff's Title VII hostile work environment claim is time-barred. It is undisputed that an aggrieved employee wishing to bring a Title VII claim must first file an administrative complaint with the EEOC within 300 days of the alleged

4

discriminatory act.  *Petrosino v. Bell Atlantic,* 385 F.3d 210 (2d Cir 2004).  Here, plaintiff

filed her EEOC charge on April 10, 2006.  In the Second Circuit, "a hostile work

environment claim is timely if an EEOC charge is filed within 300 days of any act that is

part of the hostile work environment."  *Elmenayer v. ABF Freight System, Inc.*, 318 F.3d

130, 134 (2d Cir. 2003) (internal citations omitted); *see also Nat'l R.R. Passenger Corp.*

*v. Morgan*, 536 U.S. 101, 118 (2002).

In her complaint, plaintiff alleged that the harassment primarily occurred in

November and December 2004 at the Hagerstown facility. Item 1, ¶¶ 15-18, 20 -21.  In

February 2005, "a driver indicated that Hagerstown employees were saying inappropriate

things about Plaintiff."  *Id.,* ¶ 20.  Plaintiff also alleged that "[c]oworkers and/or managers

referred to Plaintiff by these inappropriate names on a continuing basis, including in the

presence of other employees."  *Id.,* ¶ 22.  Plaintiff alleged that Hess added the $40,000.00

in costs to her facility and encouraged her to take a lower position in March 2005, and that

Evans used her computer to access a pornographic website, but she does not state the

date of this conduct.  *Id.,* ¶¶ 23 -25.  Plaintiff alleged that in a June 1, 2005 conversation

with another employee, Hess referred to plaintiff as a "bitch" and said that she had "no

clue."  *Id.,* ¶ 26.  Plaintiff alleged that she complained about the harassment in November

2004, December 2004, January 13, 2005, February 4, 2004 and "a few weeks later."  *Id.,*

¶¶ 30-32, 34-37.[1]

---

[1]  Plaintiff also complains about comments that were made about her following her termination. *Id.,* ¶ 27.  Such post-termination comments cannot be considered by the court as they could not alter the conditions of the plaintiff's employment and create a hostile work environment.  *See Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 765 (2d Cir. 1998).

Plaintiff argues that her allegations of a hostile work environment are timely because she has alleged that she was harassed on a "daily" and "continuing" basis. She also argues that the incident with Walsh on June 10, 2005 was part of the hostile work environment and thus renders the claim timely. All other specific allegations of a hostile work environment fall outside the 300-day period. The incident of June 10, 2005, which forms the basis of plaintiff's disparate treatment and retaliation claim, is a discrete and separate act of discrimination which cannot be considered a part of the previous harassing conduct for purposes of the continuing violation doctrine. It has no relation to the allegations of name-calling and other harassment by her supervisors, and is not part of the hostile work environment claim. *See Morgan,* 536 U.S. at 118. Additionally, even if the court were to consider the incident of June 10, 2005 as part of a continuing pattern of harassment, the incident with Walsh took place more than 300 days before the filing of plaintiff's EEOC charge on April 10, 2006 and is not timely.[2]

Additionally, plaintiff argues that the allegations in her complaint indicate that she was subjected to a hostile work environment on a continuing and daily basis, and that this renders timely all allegations presumably to the date of her termination. In her complaint, plaintiff alleged inappropriate name-calling on a "continuing" basis and unspecified harassment on a "daily basis." Item 1, ¶¶ 22, 28. However, the only specific comments or complaints about those comments were made outside of the 300-day limitations period.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of her entitlement

_____

[2] Three hundred days from June 10, 2005 is April 1, 2006

6

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007); *see also Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Prince v. Cablevision Systems Corp.*, 2005 WL 1060373, *10 (S.D.N.Y. May 6, 2005) (conclusory allegations alone fail to give fair notice of the factual grounds on which they purport to be based); *Cohen v. Litt,* 906 F. Supp. 957, 961 (S.D.N.Y. 1995) (in assessing the motion to dismiss, the court is not required to accept the plaintiff's legal conclusions and unwarranted factual deductions as true).  Plaintiff may not rely on such bare conclusions without any factual basis to extend the limitations period, and her Title VII hostile work environment claim is dismissed as untimely.

### 3.  Disparate Treatment

Defendant further argues that plaintiff has failed to state a claim for disparate treatment because she has failed to show that a similarly situated employee was treated more favorably.  In order to establish a *prima facie* case of discrimination, a plaintiff must show four things:  (1) she is a member of the protected class; (2) she is qualified for her position; (3) she has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Weinstock v. Columbia Univ.*, 224 F.3d 33 (2d Cir. 2000), *cert. denied*, 540 U.S. 811 (2003).  Defendant's argument goes to the final factor, the inference of discriminatory intent.

However, at the pleading stage, plaintiff is not required to include specific facts establishing a *prima facie* case of discrimination. Instead, the complaint "must contain only a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)); *Leibowitz v. Cornell University,* 445 F.3d 586, 591 (2d Cir. 2006) (plaintiff not required to establish a *prima facie* case of discrimination in order to survive a motion to dismiss). Plaintiff has alleged that she was terminated following the incident with Walsh on June 10, 2005. She also alleged that Walsh was not terminated for his role in the incident, only suspended, and was allowed to use vacation pay during his suspension. Finally, plaintiff alleged that her termination was based on her gender. Read liberally, the complaint alleges a sufficient claim of disparate treatment.

Even if plaintiff were required to plead specific facts establishing every element of the *prima facie* case, the court would conclude that the claim was sufficient. Defendant argues that plaintiff has failed to show that a similarly situated male employee was treated differently. Plaintiff contends that there is no comparable worker, and that such a showing is not necessary to the *prima facie* case. The inference of discriminatory intent can be drawn in several circumstances including, but not limited to, "the employer's criticism of the plaintiff's performance in . . . degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir.), *cert. denied*, 534 U.S. 993 (2001) (quoting *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir.

8

1994)(citations omitted)).  Plaintiff has sufficiently alleged a disparate treatment claim and the grounds upon which she is entitled to relief, and defendant's motion to dismiss the claim is denied.

### 4.  Retaliation

Finally, defendant argues that plaintiff has failed to state a claim for retaliation because, less than one month prior to her termination and following her complaint of a hostile work environment, plaintiff had submitted her resignation but was convinced to continue her employment.  Thus, defendant argues, plaintiff's retaliation claim is simply not plausible and should be dismissed on the authority of *Bell Atlantic Corp. v. Twombly,* 127 U.S. 1955 (2007).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  In *Twombly,* the Court stated while the plaintiff need not include detailed factual allegations in the complaint, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 127 S.Ct. at 1965 (internal citation and quotation omitted).  The Court did not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Plaintiff has alleged that she participated in protected activity, that the activity was known to the defendant, that she suffered an adverse employment action, and that there

9

is a causal connection between the protected activity and the adverse action.  *See Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir. 2000).  Specifically, plaintiff complained about harassing behavior and vulgar name-calling, her complaints were ignored, and she was then terminated from her position.   The defendant's argument, that plaintiff was encouraged to rescind her resignation just weeks prior to her termination, is premature and more appropriately addressed to a motion for summary judgment.[3] Plaintiff has sufficiently pleaded a plausible retaliation claim in accordance with Rule 8 and the Supreme Court's ruling in *Twombly,* and the defendant's motion to dismiss the claim is denied.

## CONCLUSION

Defendant's motion should be granted in part and denied in part.  The Title VII hostile work environment claim is dismissed, but the motion to dismiss the other federal claims is denied.  The court will conduct a telephone conference with counsel on August 4, 2008, at 10:45 a.m.  to set a further schedule.

So ordered.

_____\s\ John T. Curtin _____
JOHN T. CURTIN
United States District Judge

Dated:   July       24           , 2008
p:\opinions\07-410.jul908

---

[3] Plaintiff notes that different actors were responsible for her decision to continue her employment after May 31, 2005 and her termination in June 2005.